FRED EDWARD COOPER and MARILYN DELOIS COOPER, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Cooper v. Commissioner
Docket No. 11630-77.
United States Tax Court
T.C. Memo 1979-256; 1979 Tax Ct. Memo LEXIS 271; 38 T.C.M. (CCH) 1023; T.C.M. (RIA) 79256; July 9, 1979, Filed Fred Edward Cooper, pro se. Eddie L. Gibson, for the respondent. DAWSON
MEMORANDUM OPINION DAWSON, Judge: This case was assigned to and heard by Special Trial Judge Charles R. Johnston, pursuant to the provisions of section 7456(c) of the Internal Revenue Code *272 [1] and Rules 180 and 181, Tax Court Rules of Practice and Procedure.[2] The Court agrees with and adopts his opinion which is set forth below. OPINION OF THE SPECIAL TRIAL JUDGE JOHNSTON, Special Trial Judge: The respondent determined a deficiency in petitioners' Federal income tax for 1975 in the amount of $449.48. The issues before the Court are: (1) the deductibility, under section 219, of $1,500 contributed to an individual retirement account; and (2) the liability for an excise tax of 6% (i.e. $90) for an "excess contribution" to an individual retirement account, under section 4973. The facts have been stipulated and are so found accordingly. At the time of the filing of the amended petition herein, petitioners, husband and wife, resided in Houston, Texas, where petitioner, Fred Edward Cooper (hereinafter sometimes referred *273 to as petitioner), was employed as an engineer. Petitioners filed their joint U.S. Individual Income Tax Return, Form 1040, for the taxable year 1975 with the District Director of the Internal Revenue Service At Austin, Texas. Petitioner was employed by CB/Southern (CB/S) of Houston, Texas, a division of Cooper Industries (Cooper), from April 1967 to August 1975. On September 1, 1975, CB/S closed down and contracted its work in process to Hutchinson-Hayes International, Inc. (H-HI), and arranged with H-HI to provide the same or similar jobs in H-HI's organization for all of CB/S's employees. On September 1, 1975, petitioner became employed by H-HI. CB/S maintained two separate qualified pension plans. One plan was for hourly non-exempt personnel and was administered by CB/S. A second plan was for salary exempt personnel and was part of a separate Cooper pension plan. Petitioner was a member of the group covered by the Cooper pension plan. The Cooper pension plan was funded entirely by Cooper contributions. Cooper made contributions to the plan up to the time CB/S closed on September 1, 1975. After CB/S closed, the Cooper pension plan continued for certain Cooper employees *274 who had ten years or more service. For those employees who had less than ten years of service, the pension plan terminated. Petitioner had less than ten years of service, and the pension plan terminated as a to him on September 1, 1975. In December 1975, petitioner made a $1,500.00 contribution to a qualified individual retirement account at University Savings Association in Houston, Texas. On their joint Federal income tax return for the taxable year 1975, petitioners claimed a deduction for a contribution to an individual retirement account in the amount of $1,500.00. This individual retirement contribution was made on behalf of petitioner in December 1975. Respondent disallowed the claimed deduction of $1,500.00 on the ground that petitioner was an active participant in a qualified pension plan for some part of the taxable year 1975. In addition, respondent asserted the liability of petitioners for an excise tax in the amount of $90 under section 4973. Petitioners' principal contention is that Fred was not a participant in the Cooper pension plan during 1975 because his interests in the plan did not vest until he had been in the plan for 10 years, which time had not elapsed *275 in 1975. Or stated another way, he was a member of the plan but not truly a participant in it because no benefits were guaranteed, owned or collected either for 1975 or for any preceeding year. They urge that the statute should be construed to hold that only a pension plan member having a vested interest be treated as a "participant" in a pension plan. Unfortunately, this Court has stated that the term "active participant" as used in section 219 includes an individual accruing benefits under the plan even if he has only forfeitable rights to those benefits. Orzechowski v. Commissioner,69 T.C. 750 (1978), affd.     F.2d     (2d Cir. Feb. 20, 1979); H.R. Rep. No. 807, 93rd Cong. 2nd Sess. Certainly, the plan provisions describe petitioner as a "participant" from January 1, 1970, to and including August 31, 1975. Salaried Employees Plan of Cooper Industries, Inc., Sections 1.13, 3.1, 1.9 and 1.12; Announcement of CB/Southern Company dated December 8, 1969. We see no way to avoid the application of the rule in Orzechowski to the facts in this case. Section 219(b)(2)(A)(i) provides that no deduction for contributions to an individual retirement account *276 will be allowable to any individual for a taxable year, if for any part of such year he was an active participant in a qualified pension plan. Petitioner was a participant in the pension plan under its terms and an "active participant" in the retirement plan as this Court has construed the statute. The parties have stipulated that the petitioners made a $1,500.00 contribution to a qualified individual retirement account at University Savings Association, Houston, Texas, for which they claimed the deduction in issue. We have found that petitioners were not entitled to a deduction under section 219. Therefore, the entire amount paid to the University Savings Association was in excess of the amount deductible for 1975. The making of such excess contribution subjects petitioners to the excise tax of six percent thereon imposed by section 4973. We have no alternative here but to sustain respondent's determination. In accordance with the foregoing, Decision will be entered for the respondent.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated. ↩
2. Pursuant to the order of assignment, on the authority of the "otherwise provided" language of Rule 182, Tax Court Rules of Practice and Procedure↩, the post-trial procedures set forth in that rule are not applicable to this case.